## Northwestern National Bank & Trust Co. v. Heenerfauth et ux.

*William Jay Leon,* for plaintiff; *Charles Lex Smyth,* for defendants.

GABLE, J., May 6, 1933.—This is a rule to strike off the judgment entered in the above case against the defendants for want of an appearance. The action is in assumpsit. The summons was issued September 12, 1932, returnable the first Monday in October 1932, and was served on the defendants September 30, 1932. The statement of claim with notice to file an affidavit of defense was filed September 12, 1932, but was not served upon the defendants. Judgment was entered October 15, 1932, for want of an appearance, and damages were assessed in the sum of $293.40. After a fi. fa., an alias fi. fa. and a pluries fi. fa. had been issued, Grace Heenerfauth, one of the defendants, appeared by counsel April 3, 1933, and petitioned for the rule to strike off the judgment.

The judgment for want of an appearance was entered by virtue of section 33 of the Act of June 13, 1836, P.L. 568, section 34 of which provides:

"In case such writ shall not be served ten days before the return day thereof, if the defendant therein shall not appear in ten days after the day of service, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon at any subsequent day in term time, for default of appearance, according to the rules established by the court to regulate the practice in this respect."

No rule of court has been adopted relating to the entry of judgment for want of an appearance under the provisions of this statute. However, rule 60(b) of

the Municipal Court, as well as rule 69 of the Courts of Common Pleas of Philadelphia County, provides: "A copy of each paper filed in any action or proceeding (except præcipes and unless otherwise provided by statute or other rule of court), shall be served on the adverse party, or his attorney, by the party filing it, within forty-eight hours thereafter, otherwise it may be treated as a nullity."

From the record it is apparent that the plaintiff failed to comply with the provisions of this rule, insofar as service of a copy of the statement of claim is concerned. Under its terms, the statement of claim which was filed on September 12, 1932, may be treated as a nullity. Therefore, there has been no compliance with the provisions of the Act of 1836, supra, permitting judgment to be entered for want of an appearance, a requirement for which is the filing of a declaration on or before the return day. The rule to strike off the judgment is made absolute.